# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>THE EJIII DEVELOPMENT COMPANY f/k/a THE JACKSON GROWTH & DEVELOPMENT COMPANY, SHAHNQUALA HORNE, as natural mother and next of friend of K.M. and G.M., SHAKIERRA CORBIN, as natural mother and next friend of A.M., JR. and A.M., MEKOIA GASTON, as natural mother and next of friend of J.S., GLADYS MOSLEY, as Administratrix of the Estate of Adrian Mosley, deceased, WAFFLE HOUSE, INC., and QUINTAVIUS MARTIN,<br><br>        Defendants. | 1:17-cv-2048-WSD |

## OPINION AND ORDER

This matter is before the Court on Nautilus Insurance Company's ("Plaintiff") Motion to Strike Answer to Complaint and to Enter Default [27] (the "Motion").

.

**I.     BACKGROUND**

On June 5, 2017, Plaintiff filed its Complaint [1] against the EJIII Development Company f/k/a the Jackson Growth & Development Company ("EJIII"), Shahnquala Horne, as natural mother and next of friend of K.M. and G.M., Shakierra Corbin, as natural mother and next friend of A.M., JR. and A.M., Mekoia Gaston, as natural mother and next friend of J.S., Gladys Mosley, as Administratrix of the Estate of Adrian Mosley, deceased, Waffle House, Inc., and Quintavius Martin (collectively, the "Defendants"). Plaintiff, an Arizona insurance company, seeks a declaration of its coverage obligations, if any, owed under an insurance policy for claims asserted in an underlying lawsuit styled Shahnquala Horne, et al. v. Waffle House, Inc., et al., 16-EV-001921, in the State Court of Fulton County, Georgia. The underlying action involved an incident at the Waffle House on June 13, 2014 in which, following an altercation between patrons and employees, a Waffle House employee allegedly shot and killed a patron. ([1] at ¶¶ 15-16). A security guard employed by EJIII was on duty at the time. (Id. at ¶ 17). The plaintiffs in the underlying action, administratrix of the patron's estate and the mothers of the patron's children, assert claims against EJIII for negligent failure to provide and maintain a safe premises and wrongful death. (Id. at ¶¶ 18, 21).

On June 30, 2017, EJIII was served through it registered agent, Ernest Jackson ("Jackson").  ([17]).  As of the date of this Order, no attorney has entered an appearance on behalf of EJIII.  On August 3, 2017, EJIII's registered agent filed an answer [24] (the "Answer") on behalf of EJIII.  On August 21, 2017, Plaintiff filed the Motion asking the Court to strike EJIII's Answer because it was proceeding as a corporation *pro se*.

## II. DISCUSSION

### A. Legal Standard

Generally, parties are able to represent themselves *pro se*.  See 28 U.S.C. § 1654.  "The right to appear *pro se*, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others."  Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[T]he privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities.").

Section 1654 does not apply to corporations or other artificial entities, including limited liability companies and trusts.  See, e.g., Rowland v. California Men's Colony Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is

well-established that a corporation is an artificial entity that can only act through agents, cannot appear in judicial cases *pro se*, and must be represented by counsel.") (citations omitted); <u>Harrison v. Wahatoyas, L.L.C.</u>, 253 F.3d 552, 556 (10th Cir. 2001) ("A corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*."); <u>Knoefler v. United Bank of Bismarck</u>, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity, i.e., a trust, in a court."). This Court's Local Rules reflect the longstanding principle that "a corporation may only be represented in court by an attorney . . . and that a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the State of Georgia." LR 83.1(E)(2)(b)(I), NDGa.

B.  <u>Analysis</u>

In reviewing the docket in this case and the Motion, it is evident that EJIII is not represented by counsel. Jackson, who is not an attorney and not licensed to practice law in this Court, filed the Answer on behalf of EJIII. ([24]). Because Jackson is not an attorney and is not licensed to practice law in this Court, he cannot represent EJIII, see <u>Franklin</u>, 462 F. App'x at 930; <u>Rowland</u>, 506 U.S. at 201-02; <u>Palazzo</u>, 764 F.2d at 1385; LR 83.1(E)(2)(b)(I), NDGa.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Answer to Complaint and to Enter Default [27] is **GRANTED**. The Clerk is directed to enter default against EJIII.

**IT IS FURTHER ORDERED** that EJIII shall, on or before October 18, 2017, obtain legal counsel, counsel shall file a notice of appearance by October 18, 2017, and EJIII's legal counsel shall, on or before October 18, 2017, file an Amended Answer on behalf of EJIII.[1]

**SO ORDERED** this 5th day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 after days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. (a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court holds permitting EJIII to file an Amended Answer will not cause undue delay, will not prejudice Plaintiff, and will not be futile.